IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Deontray S. Bellman, ) | C/A No.: 1:22-3314-JD-SVH |
| Plaintiff, ) | |
| vs. ) | ORDER AND NOTICE |
| B. Rager; A. Starkes; T. Taylor; and ) A. Cano, ) | |
| Defendants. ) | |

Deontray S. Bellman ("Plaintiff"), proceeding pro se and in forma pauperis, filed this complaint alleging violations of his constitutional rights pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).[1] Plaintiff sues Halfway House Chairman B. Rager, Case Manager A. Starkes, Supervision Specialist T. Taylor, and Discipline Hearing Officer A. Cano (collectively "Defendants"). Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

---

[1] *Bivens* established that victims of a constitutional violation perpetuated by a federal actor may sue the offender for damages in federal court despite the absence of explicit statutory authorization for such suits.

I.    Factual and Procedural Background

Plaintiff alleges Defendants violated his Eighth and Fourteenth Amendment rights by failing to provide him written notice of a disciplinary charge for escape. [ECF No. 1 at 4]. He alleges they found him guilty in his absence. He alleges Defendants actions were unconstitutional and caused him to be removed from "RRR" and home confinement. *Id.* at 6. He further alleges Defendants failed to inform him of his right to appeal. *Id.*

Plaintiff requests the court order a new hearing as well as $100,000 in compensatory damages and $100,000 in punitive damages. *Id.*

II.   Discussion

    A.    Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.    Analysis

To the extent Plaintiff seeks injunctive relief relating to a disciplinary hearing lengthening his sentence, his complaint is subject to summary dismissal. However, because the disciplinary hearing resulted in sanctions that included the loss of earned good-time credits, the plaintiff may not bring this claim pursuant to *Bivens*. Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus and complaints under § 1983/*Bivens*. *See Preiser v. Rodriguez*, 411 U.S. 475, 487–

90 (1973) (an application seeking release from custody is an application for habeas corpus and is not an available remedy under the Civil Rights Act). It is well-settled, however, that "habeas corpus is the exclusive remedy for a . . . prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms" of § 1983 or *Bivens*. *Heck v. Humphrey*, 512 U.S. 477, 481 (1884) (citing *Preiser*, 411 U.S. at 487–90); *see Muhammad v. Close*, 540 U.S. 749, 754–55 (2004) (holding that § 1983 may be used to challenge disciplinary procedures where no accrued/earned good-time credits are taken as a sanction). To the extent Plaintiff asserts that his rights were violated by Defendants resulting in the loss of good-time, he cannot bring these claims in a civil rights action. *See Jenkins v. Mosley*, C/A No. 5:17-cv-02932-JFA-KDW, 2018 WL 1313527, at *2–3 (D.S.C. Jan. 31, 2018) (collecting cases and dismissing *Bivens* claim where the plaintiff sought review of a prison disciplinary charge that resulted in the loss of good time), *Report and Recommendation adopted by* 2018 WL 1251722 (D.S.C. Mar. 12, 2018). Of note, however, while the *Bivens* doctrine may be unavailable to Plaintiff, he can seek review of his disciplinary conviction in federal court by way of a writ of habeas corpus once he has fully exhausted his Bureau of Prisons administrative remedies. *See Preiser*, 411 U.S. at 500.

NOTICE CONCERNING AMENDMENT

Although Plaintiff has failed to allege sufficient facts to support a claim, he may be able to cure deficiencies in his complaint through amendment. *See Goode v. Cent. Va. Legal Aid Soc'y, Inc.*, 807 F.3d 619 (4th Cir. 2015). Plaintiff may file an amended complaint by **November 2, 2022**, along with any appropriate service documents. Plaintiff is reminded an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the undersigned may recommend to the district judge that the claims be dismissed without leave for further amendment.

IT IS SO ORDERED.

October 11, 2022
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge