IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Deontray S. Bellman, ) | Case No.: 1:22-cv-3314-JD-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| B. Rager; A. Starkes; T. Taylor; and A. ) | |
| Cano, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Shiva V. Hodges, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) of the District of South Carolina.[1] (DE 13.) Plaintiff Deontray S. Bellman ("Plaintiff" or "Bellman"), proceeding *pro se* and *in forma pauperis* brought this action against Defendants B. Rager, A. Starkes, T. Taylor, and A. Cano (collectively "Defendants") alleging violations of his Eighth and Fourteenth Amendment rights by failing to provide him written notice of a disciplinary charge for escape. (DE 10, pp. 4, 14.) Plaintiff alleges Defendants (1) failed to inform him of the hearing or his right to appeal, (2) improperly charged him with escape, (3) violated an agreement that he would not be charged with escape if he returned. (See Id. at 14.) Plaintiff requests the court order a new hearing, $100,000 in compensatory damages, and $100,000 in punitive damages. (See Id.)

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

Since Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute, the District Court is authorized to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Magistrate Judge found that "[b]ecause the disciplinary hearing resulted in sanctions that included the loss of earned good-time credits, Plaintiff may not bring this claim pursuant to Bivens." (DE 13, p. 3.) Accordingly, the Report was issued on November 10, 2022, recommending this action be summarily dismissed. (DE 13, p. 1.) Plaintiff has not filed an objection to the Report. In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report (DE 13) and incorporates it herein.

It is, therefore, **ORDERED** that Plaintiff's case is summarily dismissed without prejudice.

**IT IS SO ORDERED**.

                                                                          _____
                                                                          Joseph Dawson, III
                                                                          United States District Judge

Florence, South Carolina
December 19, 2022

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.